STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.

STEPHEN TOTH

          Plaintiff

    v.                                        Docket No. CUMSC-RE-15-0225

**STATE OF MAINE**
Cumberland. ss. Clerk's Office

DAWN THOMPSON

**DEC 21 2015**

          Defendant

             ORDER                **RECEIVED**

On review of the complaint in this case, the court on its own motion raises a question about its subject matter jurisdiction regarding at least some of the Plaintiff's claims in this case.

The complaint alleges that the parties are former spouses, divorced in November 2010 by order of the Portland District Court. *See Toth v Thompson*, Me. Dist. Ct., Portland, Docket No. PORDC-FM-10-130. A copy of the divorce judgment is attached to the complaint.

The complaint in this case relates to real property located at 860 Bridgton Road, Westbrook. The parties' divorce judgment provided for the 860 Bridgton Road property to remain in joint ownership, with the parties to be tenants-in-common and to remain jointly liable for the mortgage debt on the property. The divorce judgment awards Defendant Dawn Thompson exclusive possession of the property.

The complaint asserts that the Plaintiff wishes to terminate his ownership interest in the property and in fact has delivered a quitclaim deed to the property to the Defendant. Plaintiff alleges that the Defendant has refused to record the quitclaim deed and engaged in wrongful conduct. In her response to the complaint, the Defendant denies any wrongdoing and says Plaintiff, not she, was responsible for filing the quitclaim deed.

Plaintiff's complaint seeks relief in the alternative, including an order compelling Defendant to accept his termination of ownership, or an order of partition of the property, and/or damages for alleged fraud by Defendant, which she denies.

The court is not at this time focusing on the merits of either party's position, but it is in doubt of its subject matter jurisdiction, given that the property which is the subject of the dispute was specifically addressed in the divorce judgment. Given that

1

fact, any relief granted in this case regarding the property itself would be a modification of the divorce judgment. To the extent Plaintiff is pursuing tort claims, this court may have jurisdiction, but it appears that all of the Plaintiff's other claims should be pursued via a post-judgment motion in the divorce court, and that pursuit of any independent tort claims should await resolution of the property issues in the divorce court.

In *Daughdrill v. Daughdrill*, 2013 Me. Super. LEXIS 146 (Warren, J.), this court faced a similar situation, in that a husband brought a mechanic's lien claim against the wife for alleged services rendered to property owned by her, while a divorce action was pending. Noting that the mechanic's lien claim likely was not within the divorce court's jurisdiction, whereas the allocation of the property and authority to compensate the husband for any contribution clearly was within the divorce court's jurisdiction, the court stayed the case until the property issues were addressed in the divorce court. Exactly that course of action seems appropriate here, but before entering a stay, the court will give the parties an opportunity to demonstrate, if they can, why this case should not be stayed until after either or both parties move to modify the divorce judgment and the divorce court has determined what, if any, modifications of the divorce judgment as it relates to the 860 Bridgton Road property are appropriate.

Accordingly, it is hereby ORDERED AS FOLLOWS:

1. By January 20, 2016, either party may file a memorandum showing cause why this case should not be stayed until after either or both parties move to modify the divorce judgment and the divorce court has determined what, if any, modifications of the divorce judgment as it relates to the 860 Bridgton Road property are appropriate. Following expiration of the January 20, 2016 deadline, the court, without further notice or hearing, will issue a further order directing either that the case be stayed or that it proceed.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this Order by reference in the docket.

Dated December 18, 2015

_____
A. M. Horton, Justice

2